UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT
*Electronically Filed*

| | | |
|---|---|---|
| JANET COX | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| WALMART, INC. | ) | |
| | ) | |
|     *Defendant* | ) | |

## NOTICE OF REMOVAL

Defendant Walmart Inc. ("Walmart"), by and through counsel, for its Notice of Removal of this action from Franklin Circuit Court, Franklin County, Kentucky, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully states as follows:

1. On December 14, 2021, Plaintiff filed an action against Walmart which is currently pending in the Franklin Circuit Court, Civil Action No. 21-CI-00897. Walmart was served with summons on December 22, 2021, and filed its Answer on January 4, 2022.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and (c) because there is diversity of citizenship between the parties and the total amount claimed by Plaintiff exceeds the jurisdictional minimum of $75,000, though Walmart denies liability to Plaintiff for damages in any amount.

3. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Plaintiff is a citizen of Kentucky.

5. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed a citizen of its state of incorporation and the state where it has its principal place of business. Defendant Walmart Inc. is a citizen of Delaware, its state of incorporation, and Arkansas, the location of its principal place of business.

6. This action arises from an incident that allegedly occurred on December 24, 2020, at Walmart in Frankfort, Franklin County, Kentucky.[1]

7. Pursuant to 28 U.S.C. § 1446(b), removal must be filed within thirty days after receipt of the initial pleading setting forth the claim for relief. If, however, the case is not initially removable, a notice of removal may be filed within thirty days after defendant receives a copy of a pleading, motion, order, or other paper from which "it may first be ascertained that the case is one which is or has become removable" but no more than one year after commencement of the action. *Id*.

8. In her Complaint, Plaintiff seeks damages from Walmart for past and future medical expenses, past and future pain and suffering, transportation expenses, and loss of enjoyment of life.[2] The Complaint was silent with respect to the amount in controversy, stating only that Plaintiff's damages exceed the jurisdictional minimum limits of the Court.[3] On February 24, 2022, Plaintiff provided responses to Walmart's First Set of Interrogatories and Requests for Production of Documents. In response to Interrogatory No. 16, Plaintiff itemized past medical expenses of $32,061.29 and indicated that she would seek additional undetermined amounts for future medical expenses and past and future pain and suffering.[4] Additionally, in response to Interrogatory No. 14, Plaintiff advised that her medical treatment related to the alleged incident had included a left knee arthroscopy with chondroplasty of the patella and trochlear groove on July 20, 2021, and that her

---

[1] *See* Plaintiff's Complaint, ¶ 5.
[2] *See* Plaintiff's Complaint, ¶ 10.
[3] *See* Plaintiff's Complaint, ¶ 3.
[4] *See* **Exhibit 1**, Plaintiff's Responses to Interrogatories.

doctor had advised that she may need a total knee replacement in the future.[5] After receiving the responses, Walmart inquired as to whether the amount in controversy would exceed $75,000.00. Initially, Plaintiff's counsel said no, then implied yes, and then, on March 23, 2022, clarified that she did not yet know.[6]

9. On April 14, 2022, Walmart propounded a Request for Admission to Plaintiff asking her to admit that she will not seek damages in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter. On April 28, 2022, Plaintiff responded to the Request by stating: "**DENY. Plaintiff's damages from the injuries sustained as a result of Defendant's negligence may exceed $75,000**."[7] Though the response included a statement suggesting some equivocation, Plaintiff clearly and plainly denied the request (as opposed to stating that she could not truthfully admit or deny the matter for some reason). The removing party is not required to prove the amount in controversy to a legal certainty. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Plaintiff has advised that she will be seeking over $32,000 in past medical expenses and an undetermined amount for future medical expenses that may include the cost of a total knee replacement. If so, the amount of past and future medical expenses alone will exceed $75,000. In addition to medical expenses, Plaintiff seeks an undetermined amount for past and future pain and suffering. It is perfectly reasonable under Kentucky law to apply a ratio of 5 to 1 for awards of pain and suffering in comparison to medical expenses when determining the amount in controversy. *See Fisher v. May*, No. 3:11-CV-00592, 2012 WL 1964564, at *2 (W.D. Ky. May 31, 2012). Here, applying even a 2 to 1 ratio to the medical expenses already incurred would result in total damages of nearly $100,000.

---

[5] *Id.*
[6] *See* email correspondence between Plaintiff's counsel and Walmart's counsel dated March 21, 2022 through March 23, 2022, attached as **Exhibit 2**.
[7] *See* **Exhibit 3**, Plaintiff's Response to Request for Admission.

For these reasons, Plaintiff's refusal to stipulate that the amount in controversy will not exceed $75,000 makes it more likely than not that it will.

10. The Notice tendered herewith is being filed on May 23, 2022, within thirty days of the receipt of Plaintiff's Response to Request for Admission on April 28, 2022, and within one year since commencement of this action, thus making removal timely.

11. A copy of all process, pleadings and orders served as of the date of the filing of this Notice of Removal are attached hereto as **Exhibit 4**.

12. Written notice of the filing of this Notice of Removal, the exhibits thereto, the Notice and Certificate were mailed to Plaintiff's counsel today.

13. True and correct copies of the pleadings enumerated were filed with Clerk of the Franklin Circuit Court today.

WHEREFORE, Defendant, Walmart Inc., respectfully removes this action from the Franklin County Circuit Court to this Court for all other appropriate procedures.

Respectfully submitted,

/s/ *Charles A. English*
Jennifer Kincaid Adams
Charles A. English
Blackburn Domene & Burchett, PLLC
614 W. Main Street, Suite 3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9971
jadams@bdblawky.com
cenglish@bdblawky.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 23rd day of May, 2022, a true and correct copy of the foregoing Notice of Removal was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Hon. J. Joseph Cohen
Hon. Martin Pohl
Hon. Euva D. May
Hessig & Pohl, PLLC
922 Franklin Street
Louisville, KY  40206
joe@hessigandpohl.com
martin@hessigandpohl.com
euva@hessigandpohl.com
*Counsel for Plaintiff*

                                        */s/ Charles A. English*_____
                                        *Counsel for Defendant*